IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>MARY ELIZABETH SCHIPKE,<br><br>    Defendant.<br>_____ | NO.   CR 04-02195-TUC-JMR(BPV)<br><br>**REPORT AND RECOMMENDATION ON PETITION TO REVOKE SUPERVISED RELEASE** |

The Defendant, Mary Elizabeth Schipke, has been accused of violating the terms of her supervised release [Doc. 388]. The matter came on for hearing before the Court on October 31, 2008. The Government called three witnesses: District of Arizona Probation Officers Cole Geery and Donna Salazar and Northern District of Texas Probation Officer Mark Briones. The Defendant called her former Counsel, Heather Williams, and Defendant Mary Elizabeth Schipke.

The Court, having considered the briefing, arguments, and evidence presented, recommends that the District Judge, after his independent review and consideration, enter an order finding the Defendant in violation of her conditions of supervised release.

* * *

* * *

* * *

* * *

* * *

## FACTS

On February 28, 2006, the Defendant was sentenced to a 48 month term of imprisonment, to be followed by 60 months of supervised release [Ex. 1]. On September 19, 2008, Probation Officer Briones met with the Defendant to explain the conditions of her supervised release. The Defendant acknowledged in writing that the terms had been read to her, but that she "legally contested them" [Ex. 1].

The Petition to Revoke Defendant's Supervised Release alleges that Defendant failed to notify the probation officer at least ten days prior of any change in residence or employment [Doc. 388]. The basis for the Petition is that, upon her release from prison, the Defendant was placed in a battered women's shelter, but she had to be relocated to another facility because she was not a battered woman. Probation Officer Briones directed Defendant to reside at the Presbyterian Night Shelter. The Defendant arrived at the shelter, but did not admit herself. Instead, she made her own personal arrangements for her housing. When the Defendant did not reside at the shelter, she became unavailable for supervision. The Defendant, in effect, took control of her own supervision by calling her former attorney and her probation officer whenever she desired, rather than when she was directed to do so.

## CONCLUSION

The Defendant did not reside where she was told to reside. The Defendant did not reside at the shelter and did not give the ten day notice required prior to a change in address. The Defendant violated the technical nature of the alleged violation. She directly and willfully violated Supervised Release Condition 4: "You shall follow the instructions of the probation officer."

It is the recommendation of this Court that the District Judge, after his independent review and consideration, find the Defendant in violation of the alleged charge or accept a Government motion to amend the charge to conform to the evidence. If a motion is filed, the Defendant can claim no surprise because part of her defense was that she was improperly charged.

Pursuant to 28 U.S.C. §636(b)(1)(B), the parties have ten days from the date of this Report and Recommendation to file written objections to these findings and recommendations with the District Court. Any objections filed should be filed as CR 04-02195-TUC-JMR.

DATED this 5th day of November, 2008.

_____
Bernardo P. Velasco
United States Magistrate Judge